IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------- :
TERRANCE S. RIDDLE, : CASE NO. 1:06 CV 01020
: 1:04 CR 198-02
Petitioner, :
: MEMORANDUM OF OPINION AND
-vs- : ORDER DENYING PETITIONER
: RELIEF UNDER 28 U.S.C. § 2255.
:
UNITED STATES OF AMERICA, :
:
Respondent. :
---------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Petitioner Terrance Riddle ("Mr. Riddle") seeks to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Specifically, Mr. Riddle maintains that his counsel was ineffective for failing to demonstrate that his prior, state convictions were for simple drug possession rather than for drug trafficking. Consequently, Mr. Riddle argues, his federal sentence should not have been enhanced under 21 U.S.C. § 851 and 841(b)(1)(C). The government filed an answer to Mr. Riddle's petition in which it

maintains the Petitioner did not suffer ineffective assistance of counsel where the enhanced statutory penalty was appropriate and Mr. Riddle's two prior drug trafficking convictions were predicate offenses for career offender status. (Doc. 6). For the reasons set forth below, Mr. Riddle's petition for relief under 28 U.S.C. § 2255 will be denied.

## I. Background

Pursuant to a written Plea Agreement ("Agreement"), Mr. Riddle entered a plea of guilty on 23 September 2004 to a Superseding Indictment charging him, along with five others in the 24-count Superseding Indictment, with a conspiracy to possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. (Case 1:04 CR 00198, Doc. 81).

Pursuant to his written Plea Agreement, Mr. Riddle pled guilty to conspiracy to possess with intent to distribute at least 80 grams, but less than 100 grams of heroin. (Plea ¶ 20). Mr. Riddle stipulated in his plea agreement to an enhanced statutory maximum sentence of 30 years imprisonment for his offense predicated on his prior felony drug conviction. (Plea ¶3, citing 21 U.S.C. § 841(b)). Mr. Riddle's plea also noted that this Court might sentence him as a career offender moving his adjusted offense level, under the United States Sentencing Guidelines ("Guidelines"), from a 24 to a 34. (Plea ¶9, 10).[1] Further, Mr. Riddle agreed to waive his right to challenge his

---

[1] Under the United States Sentencing Guidelines § 4B1.1, a defendant is a career offender if he is (1) at least eighteen years old at the time of the offense, (2) the instant offense is a felony conviction that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. The Guidelines define "controlled substance offense" as:

sentence on direct appeal or through a post-conviction collateral proceeding such as this Section 2255 motion. (Plea ¶17).

On 23 September 2004, the government filed an Information, pursuant to 21 U.S.C. § 851, notifying Mr. Riddle of its intent to seek an enhanced statutory sentence, under 21 U.S.C. § 841(b)(1)(C), predicated on the Petitioner's prior felony drug trafficking conviction in Case No. CR266515 in Cuyahoga County Common Pleas Court. (Doc. 85). In that case Mr. Riddle was sentenced on 30 October 1991 to serve 18-month imprisonment under O.R.C. § 2925.03(A)(2) for felony drug trafficking.[2] (Doc.

---

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense.

[2] Ohio Rev.Code § 2925.03 (1989) entitled "Trafficking in Drugs" states:

(A) No person shall knowingly do any of the following:

(1) Sell or offer to sell a controlled substance in an amount less than the minimum bulk amount as defined in 2521.01 of the Revised Code;

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe such drug is intended for sale or resale by the offender or another;

(3) Cultivate, manufacture, or otherwise engage in any part of the production of a controlled substance;

(4) Possess a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount;

(5) Sell or offer to sell a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount;

(6) Possess a controlled substance in an amount equal to or exceeding three times the bulk amount;

3

85, Case No. CR266515 conviction on 30 October 1991). The government relied upon the definition of "felony drug offense" given in 21 U.S.C. § 802(44):

> [A]n offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

The probation department's presentence report concluded that Mr. Riddle qualified as a career offender based on his prior convictions in Cuyahoga County Common Pleas Court for drug trafficking in violation of O.R.C. § 2925.03(A)(4), in case number CR268559, on 12 March 1992, and for burglary, in case number CR270993, on 17 August 1993. (Presentence Report at ¶¶ 37, 44, 45). On 17 December 2004, Mr. Riddle filed objections to the presentence report's classification, which treated him as a career offender. (Doc. 103). The government responded on 21 December 2004 (Doc. 106).

In his objections to the presentence report, Mr. Riddle's counsel maintained that the convictions designated as predicate offenses for career offender status were actually related because the Common Pleas Court imposed concurrent terms of imprisonment in those two cases. (Doc. 103, pp. 2-3). Defendant's counsel also contended that the absence of a written plea agreement in Mr. Riddle's burglary offense

---

> (7) Sell or offer to sell a controlled substance in an amount equal to or exceeding three times the bulk amount;
>
> (8) Provide money or other items of value to another person with the purpose that the recipient of the money or items of value would use them to obtain controlled substances for the purpose of selling or offering to sell the controlled substances in amounts exceeding a bulk amount or for the purpose of violating division (A)(3) of this section.

4

created a condition in which the defendant had "no clear understanding of the plea." Id. at 3.  Finally, Mr. Riddle's counsel argued it would be "unconscionable" for the Court to sentence Mr. Riddle as a career offender because the facts and history of the instant case did not warrant increasing his base level offense from a 24 to a 34, which corresponded to a shift from a potential sentence of 46-57 months, to a potential sentence of 188-235 months.

As a result of the sentencing hearing on 25 April 2005, this Court concluded that Mr. Riddle was a career offender with a base offense level of 34 and a Criminal History of VI.  (Doc. 117).  With a reduction for acceptance of responsibility, the resulting offense level of 31 placed Mr. Riddle's sentence in the Guideline range of from 188 to 235 months.  The Court sentenced Mr. Riddle to a period of 188 months imprisonment with the Bureau of Prisons to be followed by six years of supervised release.  (Doc. 118).

Mr. Riddle filed an appeal pro se, on 10 January 2006, which the Sixth Circuit Court of Appeals dismissed as untimely.  (Docs. 126, 129).  Mr. Riddle filed this Section 2255 motion on 25 April 2006. (Doc. 130).

## II. Law and Argument

Section 2255 permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

5

28 U.S.C. § 2255.  The movant has the burden of establishing any claim asserted in the petition.  See Bowers v. Battles, 568 F.2d 1, 5 (6th Cir. 1977), cert. denied, 436 U.S. 910 (1978).

Where a constitutional error is alleged, in order to obtain relief under 28 U.S.C. § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings.  See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993);  Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).  In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  Riggs v. United States, 209 F.3d 828, 831 (6th Cir.), cert. denied, 531 U.S. 884 (2000).  Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001), cert. denied, 535 U.S. 967.

Mr. Riddle petitions the Court for relief from the imposition of his sentence as unconstitutional.  His claim rests on allegations of ineffective assistance of counsel. (Doc. 1 pp. 3-5).  The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.  A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel.  Strickland v.

Washington, 466 U.S. 668, 687 (1984).  In Strickland, the Supreme Court set forth a two-part test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

Id. 466 U.S. at 687.  As with any other claim under § 2255 , the burden of proving ineffective assistance of counsel is on the petitioner.  Virgin Islands v. Nicholas, 759 F.2d 1073, 1081 (3d Cir.1985).

Focusing first on the fact that his sentence was enhanced under Section 851 because of a prior felony drug conviction, Mr. Riddle maintains his counsel was ineffective in not seeking to establish that his conviction was merely simple possession and, therefore, did not qualify as a "controlled substance offense." (Doc. 1, p. 3).  The Court finds that Mr. Riddle's counsel's decision not to argue that the Petitioner's prior drug trafficking conviction amounted to a simple possession offense does not fall below an objective standard of reasonableness.  The enhanced statutory penalty under 21 U.S.C. § 841(b) does not specify which prior felony drug offenses amount to predicate offenses for enhancement purposes.  Mr. Riddle's 18-month state conviction in CR266515 for trafficking in drugs, under O.R.C. 2925.03, fit well within the statutory definition of a "felony drug offense" and qualified him for enhancement under Section 841(b).  See 21 U.S.C. § 802(44).  Mr. Riddle's counsel cannot be found to have

7

rendered ineffective assistance where the proposed objection would have been meritless.

With regard to his career offender status, Mr. Riddle maintains his counsel's performance was deficient under Strickland when he failed to argue that the Petitioner's prior drug trafficking conviction, in case number CR268559, was for simple possession and should not have amounted to a predicate offense for career offender status. Mr. Riddle mistakenly maintains he was convicted in case number CR268559 under O.R.C. § 2925.11 for simple possession. (Doc. 1, p. 4). However, the Petitioner was, in fact, convicted under O.R.C. § 2925.03(A)(4), Ohio's former drug trafficking statute, which applies to his 1991 state conviction in CR268559. (Doc. 6, Ex. 2).

At the time of the Petitioner's conviction in this Court, both Ohio and Sixth Circuit case law viewed convictions under O.R.C. § 2925.03 as applying to trafficking offenses and, therefore, qualifying as predicate offenses for career offender status under the Guidelines. See State v. Goodnight, 370 N.E. 2d 486, 489 (Ohio App. 1977); United States v. Coteat, 133 Fed. Appx. 177, 2005 WL 1313529 (6th Cir. 2005) (finding that consistent with the categorical approach, former Section 2925.03 applies to trafficking and not to simple possession); Gibbs v. United States, 3 Fed. Appx. 404, 2001 WL 133120 (6th Cir. 2001). However, the law in this Circuit changed after the expiration of Mr. Riddle's untimely direct appeal, with the decision in United States v. Montanez, 442 F.3d 485 (6th Cir. 2006), which concluded that convictions for possession of drugs in bulk amounts under 21 U.S.C. § 2925.03 do not amount to predicate offenses for career offender status under the Guidelines. Id. at 491-94 (finding that a criminal

8

offense of mere possession of a controlled substance did not satisfy the intent element defining a controlled substance offense under § 4B1.1).[3]

Because Mr. Riddle was properly classified as a career offender at the time of his sentencing he cannot show Strickland prejudice from his counsel's alleged failure to investigate or challenge the consideration of his prior convictions. Clearly, Petitioner's predicate convictions, for drug trafficking in violation of O.R.C. § 2925.03 and for burglary, were felonies at the time he was convicted of those crimes. The Court does not, in this instance, consider Petitioner's counsel's failure to anticipate a change in the law so egregious as to amount to ineffective assistance. See Alcorn v. Smith, 781 F.2d 58, 62 (6th Cir. 1986).

Not only does the Court find no basis upon which the Petitioner might claim Strickland deficiency for his counsel's inability to foresee the Montanez decision, but the record demonstrates that Mr. Riddle's counsel did, in fact, challenge the proposed career offender status on existing legal grounds. Petitioner's counsel maintained the two prior convictions, for drug trafficking and burglary, were related and should not be considered separately. Counsel further argued that Mr. Riddle's burglary offense was unaccompanied by a written plea agreement, thus rendering the Petitioner's plea as absent any "clear understanding." (Doc. 103).

---

[3]The Court in Montanez adopted the Ninth Circuit's decision in United States v. Foster, 28 F.3d 109, 1994 WL 201201 (9th Cir. May 23, 1994) (unpublished) adopting the defendants position that because the statutory definition in O.R.C. 2925.03(A)(4) did not contain an element of intent to distribute, his conviction could not qualify as a controlled substance offense under the Guidelines. United States v. Montanez, 442 F.3d at 491.

In addition, Mr. Riddle has waived his right to challenge his sentence on direct appeal, or collaterally through a post-conviction proceeding such as a Section 2255 motion.  Such a waiver undercuts any alleged entitlement to be resentenced premised on this Circuit's changed view of the statutory construction of Ohio law as laid down in the Montanez decision .  See United States v. Wilson, 438 F.3d 672, 673 (6th Cir. 2006).  "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement."  United States v. Fleming, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir. 1995)).  "[A] defendant in a criminal case may waive his right to appeal his sentence in a valid plea agreement."  United States v. Smith, 344 F.3d 479, 483 (6th Cir. 2003).

"When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances."  Smith, 344 F.3d at 483.  "For a plea agreement to be constitutionally valid, a defendant must have entered into the agreement knowingly and voluntarily."  Smith, 344 F.3d at 483.

In his Plea Agreement, Mr. Riddle expressly waived his rights under 28 U.S.C. § 2255 as follows:

> Defendant acknowledges having been advised by counsel of his rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255.  The Defendant expressly waives those rights except as reserved below.  The defendant reserves the right to appeal the imposition of any sentence inconsistent with the provisions of this plea agreement.  Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack regarding claims of ineffective assistance of counsel or prosecutorial misconduct.

(Plea ¶17).

Decisions in the Sixth Circuit have dismissed Sixth Amendment challenges to pre-Booker sentences based on this type of written appeal waiver.  For example, in Luebbert, where the appeal waiver was similar to the waiver in this case, the Court found that the appeal waiver foreclosed the petition.  Luebbert, 411 F.3d at 603.  See also U.S. v. Hensel, Slip Copy, 2007 WL 1028865 (6th Cir. 4 April 2007) (virtually identical plea agreement waiver found to bar petitioner's 28 U.S.C. § 2255 appeal for relief).

By analogy, in the context of this Circuit's Booker decisions, the Court has recognized that "where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature."  United States v. Bradley, 400 F.3d 459, 463 (6th Cir. 2005);  see also United States v. Yoon, 398 F.3d 802, 808 (6th Cir. 2005).  The Court in Bradley, further, noted that "'a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.'"  Id. (quoting Brady v. United States, 397 U.S. 742, 757 (1970)).

Under the specific terms of his plea agreement, Mr. Riddle waived all but two limited rights of appeal: ineffective assistance of counsel (which this Court has, here, reviewed and rejected) and, "the imposition of any sentence inconsistent with the provisions of the plea agreement."  (Plea ¶ 17).  Mr. Riddle's plea agreement anticipated the possibility of a career offender status with a base level offense of 34.  (Plea ¶9, 10).  Further, his plea agreement specifically comprehended an enhanced statutory maximum sentence of 30 years imprisonment predicated on a prior felony drug conviction.  (Plea ¶3).  Finally, Mr. Riddle acknowledged in his plea agreement that the

Court would determine his criminal history in concert with the presentence report from the Probation Office.  (Plea ¶12).  Mr. Riddle's resulting applicable Guideline range of 188-235 months, predicated on his status as a career offender with a total offense level of 31 (after acceptance of responsibility), and a criminal history category of VI was, therefore, not inconsistent with his plea agreement.  As this Circuit observed in Bradley, the Petitioner's "willingness to be sentenced under the Guidelines and generally to waive his right to appeal binds him no less now than it did when he signed the agreement."  Id. at 465.

Finally, Mr. Riddle's Section 2255 challenge to his sentence is not cognizable on collateral review.  The Petitioner did not present the argument at his sentencing hearing that his prior state drug conviction constituted a simple possession offense.  Mr. Riddle did not file a timely direct appeal asserting that issue.  In this instance, Mr. Riddle's claim is predicated on a change in statutory construction of Ohio's former drug trafficking statute pursuant to the decision in Montanez.[4]

Pursuant to this Circuit's decision in Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996), "nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process."  As such, Mr. Riddle's challenge is a nonconstitutional claim.  Asserting a violation of due process requires "the error [ to have been] committed in a context that is

---

[4]Mr. Riddle's Section 2255 claim centers on the allegation of ineffective assistance of counsel, he does not cite this Circuit's Montanez decision nor does he argue that O.R.C. 2925.03 does not constitute a drug trafficking violation.  He instead, mistakenly, argues that he was convicted under O.R.C. 2925.11.  However, the Court broadly construes Mr. Riddle's pro se, Section 2255 filing to contain a Montanez argument when he claims that his prior drug conviction constituted a simple possession offense.

12

so positively outrageous as to indicate] a 'complete miscarriage of justice.'" Id.  In this instance, the Court finds nothing fundamentally unfair about holding the Petitioner responsible for his plea waiver.  Accordingly, the Court does not find a due process violation in this collateral review of the application of the Guidelines pursuant to Mr. Riddle's plea agreement.

### III.  Conclusion

The motion, together with the files and record in this case "conclusively show that Defendant is entitled to no relief."  28 U .S.C. § 2255; see also Rule 4(b), 28 U.S.C. § 2255 Rules.  Therefore, the Court finds the motion may be resolved without an evidentiary hearing.  United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986).  Mr. Riddle's conviction and sentence are valid and his motion pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE